**In re: JUNIPER NETWORKS, INC.,**

**James J. Zumpano, Esq., on behalf of himself and all others similarly situated; et al., Plaintiffs—Appellants,**

**v.**

**Juniper Networks, Inc.; et al., Defendants—Appellees.**

No. 04–15670.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided Dec. 16, 2005.

**900**

Alfred G. Yates, Jr., Esq., Law Office of Alfred G. Yates, Jr., Pittsburg, PA, Sanford Svetcov, Esq., Susan K. Alexander, Esq., Lesley E. Weaver, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Francisco, CA, William S. Lerach, Esq., Joseph D. Daley, Esq., Lerach Coughlin Stoia Geller Rudman & Robbins, LLP, San Diego, CA, for Plaintiffs–Appellants.

Nina F. Locker, Esq., Gregory L. Watts, Esq., Steven Guggenheim, Esq., Wilson Sonsini, et al, Palo Alto, CA, for Defendants–Appellees.

Before: KOZINSKI and SILVERMAN, Circuit Judges, and BENITEZ,* District Judge.

## MEMORANDUM **

In this securities fraud class action, plaintiff shareholders appeal the district court's grant of defendants' motion to dismiss the First Amended Complaint ("FAC") under FED. R. CIV. PROC. 12(b)(6) for failure to state a claim. The Private Securities Litigation Reform Act sets forth a heightened pleading standard, which requires plaintiffs to plead specific facts both establishing falsity and giving rise to a strong inference of scienter. 15 U.S.C. § 78u–4(b)(1)(B); *In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 985 (9th Cir.1999) (requiring "strong inference" of scienter). Because the FAC fails to do either, we affirm.

■ Plaintiffs allege that defendants knew at the time they announced the forecast for the second quarter of 2001 ("2Q01") that the forecast was unrealistically optimistic, and that defendants knew there was no way Juniper would be able to achieve its predictions. However, the FAC does not plead specific facts establishing that the forecast was false when made. *See In re Syntex Corp. Secs. Litig.*, 95 F.3d 922, 934 (9th Cir.1996) ("Because Defendants' predictions proved to be wrong in hindsight does not render the statements untrue when made."). In fact, the FAC acknowledges that Juniper lowered its annual forecast for 2001 on the same day it announced the 2Q01 forecast.

■ Furthermore, the FAC fails to allege specific facts that give rise to a "strong inference" of scienter. The FAC alleges that Juniper experienced a slowdown. However, allegations that defendants "could regularly track" sales data contradicting the 2Q01 forecast, accompanied by "a general assertion about what [plaintiffs] think the data showed," is insufficient to plead scienter without "hard numbers or other specific information." *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1231 (9th Cir.2004); *see also Lipton v. Pathogenesis*

---

* The Honorable Roger Benitez, United States District Judge for the Southern District of California, sitting by designation.

*Corp.,* 284 F.3d 1027, 1035–36 (9th Cir. 2002) (finding general, non-specific allegations of contradictory sales data insufficient to establish scienter).

 Similarly, plaintiffs fail to establish that defendants' alleged stock sales give rise to a strong inference of scienter. While "unusual or suspicious stock sales by corporate insiders may constitute circumstantial evidence of scienter," *Silicon Graphics,* 183 F.3d at 986 (internal quotation marks omitted), the FAC fails to allege either that the stock sold by defendants Kriens, Haley, and Wexler constituted a significant percentage of their holdings or that such sales were inconsistent with their prior trading histories. *Cf. Oracle,* 380 F.3d at 1232.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.